UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SULLIVAN,<br><br>　　　　　Defendant. | No. 2:18-cv-1843 CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On November 13, 2018, the court screened plaintiff's first amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). Plaintiff has filed a motion asking that the order be reconsidered. After reviewing plaintiff's motion, the court's screening order will be vacated, and the court again screens plaintiff's amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court has reviewed plaintiff's operative "first amended complaint" (ECF No. 7) and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

While it is not entirely clear, it appears that in plaintiff's amended complaint, plaintiff asserts that when he was a pretrial detainee in the Glenn County Jail, he was disciplined in the form of loss of unidentified "privileges" for arguing with an officer and for slamming a phone during the same course of events. Plaintiff does not identify the privileges lost, nor the process afforded plaintiff, if any, before loss. Therefore, he has not established any actionable injury.
/////
/////

Plaintiff is informed that pretrial detainees have due process protection for conduct that amounts to punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). But, "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense. Id. at 537. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Id. at 539.

Petitioner suggests his right to not be subjected to double jeopardy under the Fifth Amendment has been violated. However, the Double Jeopardy Clause of the Fifth Amendment applies only to criminal proceedings. Breed v. Jones, 421 U.S. 519, 528 (1975).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The court's November 13, 2018 order is vacated.

2. Plaintiff's November 27, 2018 motion for reconsideration is denied as moot.

3. Plaintiff's amended complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure

/////
/////
/////
/////
/////

to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 20, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
corr1843.14(2)