UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL,<br><br>Plaintiff,<br><br>v.<br><br>SULLIVAN, et al.,<br><br>Defendants. | No. 2:18-cv-1843 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On February 20, 2019, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The amended complaint was dismissed with leave to file a second amended complaint. In the screening order, plaintiff was informed as follows:

> While it is not entirely clear, it appears that in plaintiff's amended complaint, plaintiff asserts that when he was a pretrial detainee in the Glenn County Jail, he was disciplined in the form of loss of unidentified "privileges" for arguing with an officer and for slamming a phone during the same course of events. Plaintiff does not identify the privileges lost, nor the process afforded plaintiff, if any, before loss. Therefore, he has not established any actionable injury.
>
> Plaintiff is informed that pretrial detainees have due process protection for conduct that amounts to punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). But, "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense. Id. at 537. "[I]f a particular condition or

1

> restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Id. at 539.
>
> Petitioner suggests his right to not be subjected to double jeopardy under the Fifth Amendment has been violated. However, the Double Jeopardy Clause of the Fifth Amendment applies only to criminal proceedings. Breed v. Jones, 421 U.S. 519, 528 (1975).

Plaintiff filed his second amended complaint on May 13, 2019 and that pleading is now before the court for screening. It appears plaintiff was disciplined in the form of loss of family visits and access to the prison commissary for periods of 10 and 15 days. The events resulting in discipline both occurred on July 14, 2017. Plaintiff asserts since the events resulting in discipline were part of the same "course of conduct," his being disciplined twice violates the Due Process Clause. At a minimum, plaintiff argues, the periods for loss of privileges should have run concurrently.

Again, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The conduct alleged by plaintiff is simply not a violation of the Due Process Clause. First, any harm suffered by plaintiff in this instance is de minimis rendering the protections of the Due Process Clause inapplicable. See Bell v. Wolfish, 441 U.S. at 539 n. 21. Further, no valid interpretation of the Due Process Clause includes a requirement that multiple forms of discipline cannot be imposed for multiple acts if they were part of the same series of events or "course of

/////

conduct." Accordingly, the court will recommend that plaintiff's second amended complaint be dismissed for failure to state a claim upon which relief can be granted and that this case be closed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
corr1843.dis